Wm. McCarley's Ex'r *v.* J. O. Perkins and Wife.

**Mortgage Waives Right to Homestead Exemption.**

Persons who execute a mortgage on their real estate thereby waive their right to a homestead exemption on such property.

**Appeals.**

When an appeal is granted by the court rendering a judgment the record must be filed in the clerk's office of the court of appeals ninety days after judgment rendered, subject to the power of the court to extend the time not later than the first day of the second term after judgment, but an appeal may be granted by the clerk of the court of appeals at any time within three years from the date of judgment.

APPEAL FROM LOGAN CIRCUIT COURT.

September 14, 1875.

Opinion by Judge Cofer:

The opinion of this court in the case of *Robbins, et al., v. Cookendoffer,* Mss. Opinion and the authority therein cited, are conclusive of this case. The mortgage executed by Perkins and wife purports to convey their whole estate in the lot, and was a waiver of the homestead exemption. The judgment exempting a homestead was, therefore, erroneous.

The appeal in this case was granted by the clerk of this court, and is not affected by the fact that the record was not filed on or before the first day of the second term after the judgment was rendered. When an appeal is granted by the court rendering the judgment, the record must be filed in the clerk's office of this court ninety days after the judgment was rendered, subject to the power of the court to extend the time for filing not later than the first day of the second term after the rendition of the judgment, or the appeal will be dismissed on motion of the appellee. Sec. 879, Civil Code. But when an appeal has been granted by the court below, and has been dismissed, or the record has not been filed within the time

required by Sec. 879, an appeal may be granted by the clerk of this court at any time within three years from the date of the judgment. Secs. 876 and 884, Civil Code. This latter course was pursued in this case, and the appeal cannot be dismissed.

The judgment setting apart to the appellees a homestead is reversed, and the cause is remanded with directions to render judgment subjecting the whole property, or so much thereof as may be necessary for that purpose, to the satisfaction of the judgment.

*A. G. Rhea, for appellant. Berry & Grubbs, for appellees.*